IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COREY L. WOODFOLK, | * | |
| Petitioner, | * | |
| v. | * | CIVIL ACTION NO. JFM-13-3268 |
| GARY D. MAYNARD, et al., | * | |
| Respondents. | * | |
| | * | |

\* \* \* \* \*

LIMITED ANSWER TO PETITION FOR WRIT OF
<u>HABEAS CORPUS AND ORDER TO SHOW CAUSE</u>

Pursuant to this Court's Order to Show Cause dated December 9, 2013, and in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondents, the Secretary of the Department of Public Safety and Correctional Services, and the Attorney General of the State of Maryland, by undersigned counsel, hereby answer the pro se petition for a writ of habeas corpus that this Court received from Petitioner Corey L. Woodfolk on November 1, 2013. By his petition, Woodfolk attacks his year 1988 judgment of conviction, in the Circuit Court for Baltimore City, Maryland, for attempted murder and a related handgun offense. For the reasons set forth herein, this Court should dismiss Woodfolk's petition because it is time-barred.

1.  On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the AEDPA). The provisions of the AEDPA apply to cases filed in this Court after April 24, 1996, and thus, to the extent otherwise applicable,

to Petitioner Woodfolk's case. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997); *Mueller v. Angelone*, 181 F.3d 557, 565-73 (4th Cir.), *cert. denied*, 527 U.S. 1065 (1999).

    2.    28 U.S.C. § 2244(d) prescribes a one-year limitation period for the filing of a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment. *Wall v. Kholi*, 131 S.Ct. 1278, 1283 (2011). The one-year limitation period runs from the latest of four dates, to wit:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1). Nonetheless, the time during which a properly filed application for state post conviction or other collateral review is pending is not to be counted toward the one-year limitation period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *Kholi*, 131 S.Ct. at 1283.

3.      Filed herewith are copies of the following documents from state court proceedings relevant to the judgment that Woodfolk is challenging in this Court:

Exhibit 1:   Circuit Court of Baltimore City docket entries for Case No. 28735804.

Exhibit 2:   Unreported opinion of the Court of Special Appeals of Maryland filed on June 6, 2007, in No. 2836, Sept. Term, 2005, and Mandate issued July 8, 2007.

Exhibit 3:   Unreported opinion of the Court of Special Appeals of Maryland filed on October 12, 2001, in No. 2489, Sept. Term, 2000, and Mandate issued November 13, 2001.

Exhibit 4:   Transcript of proceedings on November 12, 2008.

Exhibit 5:   Memorandum Opinion denying post conviction relief.

Exhibit 6:   Opinion and of the Court of Special Appeals of Maryland filed in No. 2957, Sept. Term, 2010, and Mandate issued July 9, 2013.

4.      Woodfolk was originally convicted pursuant to guilty pleas to attempted murder and use of a handgun in the commission of a crime of violence on March 4, 1988. Exhibit 2 at 1-3. Woodfolk was sentenced on the same date to serve ten years in prison for attempted murder, all suspended but five years, with five years' probation, and a consecutive sentence of five years, all suspended, with five years' probation for the handgun conviction. *Id*. Woodfolk did not seek to appeal the entry of his plea and sentence, *see* Exhibit 1, and therefore, this judgment of conviction became final for direct appeal purposes well before the passage of the AEDPA in 1996.

5.       Woodfolk filed a motion for reduction and/or modification of sentence on June 3, 1988. Exhibit 1 at 3. At the hearing on this motion, held on October 27, 1988, Woodfolk was granted a new trial, and he immediately decided to enter another guilty plea. Exhibit 2 at 1-3. Thus, Woodfolk was, on that date, again convicted pursuant to guilty pleas of attempted murder and wearing and carrying a deadly weapon. *Id*. Woodfolk was sentenced that same date to serve fifteen years in prison on the attempted murder conviction, all but eighteen months of which was suspended, with a five year period of probation imposed upon release, and a concurrent term of imprisonment of eighteen months on the deadly weapon offense. *Id*. Woodfolk did not appeal his convictions within the thirty-day period for doing so, *see* Exhibit 1, and therefore, this judgment of conviction became final for direct appeal purposes well before the passage of the AEDPA in 1996.

6.       On December 8, 1994, Woodfolk pleaded guilty to violating his probation, and he was sentenced to serve three years in prison for the attempted murder conviction, consecutive to the federal sentence Woodfolk was then serving. Exhibit 2 at 2-3. Woodfolk did not seek leave to appeal the revocation of his probation. *See* Exhibit 1.

7.       Woodfolk initiated post conviction proceedings by a petition filed on February 2, 1995, which he withdrew without prejudice on July 14, 1995. Exhibit 1 at 5. Woodfolk's second petition for post conviction relief, filed on June 25, 1998, was denied on November 9, 2000. *Id*. at 5-7. Woodfolk's application for leave to appeal from the denial of post conviction relief, was denied summarily by the Court of Special Appeals in an unreported opinion filed on October 12, 2001, with the court's mandate duly issuing thereafter on

4

November 13, 2001.  *See* Exhibit 3.

8.      On August 8, 2005, Woodfolk filed a petition to reopen his post conviction proceedings, which was denied on September 7, 2005.  Exhibit 1 at 8.  Woodfolk's application for leave to appeal that ruling was denied by the Court of Special Appeals with the court's mandate duly issuing thereafter on January 30, 2006.  *See* Exhibit 1.

9.      In January of 2006, Woodfolk filed a motion to correct an illegal sentence, arguing that his October 10, 1988, guilty plea and sentence was illegal as a matter of law.  This motion was denied by the circuit court.  *See* Exhibits 1 & 2.  In an opinion filed on June 6, 2007, the Court of Special Appeals reversed that denial, holding that the circuit court was without authority to grant a new trial on Woodfolk's untimely motion, vacating the October, 1988 guilty pleas for lack of jurisdiction, and remanding the case for reinstatement and further consideration of Woodfolk's motion for reconsideration or modification of sentence in his original March 4, 1988, guilty plea case.  *See* Exhibit 2.  The court's mandate issued on July 6, 2007, and neither the State nor Woodfolk sought further review of this determination, and thus, the judgment became final on or July 21, 2007.  *See* Md. Rule 8-302 (petition for a writ of certiorari must be filed no later than 15 days after issuance of mandate by Court of Special Appeals).

10.     Proceedings pursuant to the remand ordered by the Court of Special Appeals were held on November 12, 2008. Exhibit 1 at 11.  At the hearing, the circuit court denied Woodfolk's motion for modification of sentence, with the exception of correcting the sentence for the handgun violation to make it concurrent with the attempted murder

5

conviction, and making the sentence consecutive to the federal sentence Woodfolk was then serving. *See* Exhibit 4.

11. Following the denial of the motion for modification of sentence, Woodfolk filed an a petition for post conviction relief on January 20, 2009, and a second amended petition for post conviction relief on January 27, 2009. *See* Exhibit 1. Ultimately, the circuit court found that the claims raised in Woodfolk's petition were waived because Woodfolk did not file an application for leave to appeal his original plea. *See* Exhibit 5. Woodfolk's application for leave to appeal the post conviction court's ruling was denied by the Court of Special Appeals in an opinion filed on January 26, 2012. *See* Exhibit 6. On July 9, 2013, the court denied Woodfolk's motion for reconsideration and issued it mandate. *Id*.

12. Given the circumstances described above, the one-year limitation period of 28 U.S.C. § 2244(d) in Woodfolk's case began running no later than July 21, 2007, which was the date the Court of Special Appeals' opinion reinstating Woodfolk's motion for reconsideration of sentence became final. Woodfolk did not initiate state post conviction proceedings until January 20, 2009, well over one year later. For the reasons stated by this Court in *Tasker v. State*, Civil Action No. AW-11-1869, *appeal denied*, *Tasker v. State*, 2013 U.S. App. LEXIS 6833 (No. 13-6219) (decided April 4, 2013; rehearing denied June 3, 2013) (4th Cir. 2013), the pendency of the motion for modification or reduction of sentence under Maryland Rule 4-345 did not toll the limitations period of Section 2244(d). Consequently, Woodfolk's federal habeas petition was untimely filed and must be dismissed.

WHEREFORE, for the foregoing reasons, Respondents respectfully urge that the petition for habeas corpus relief filed by Corey L. Woodfolk be dismissed as time-barred.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

_____/s/_____
EDWARD J. KELLEY
Assistant Attorney General
Bar No. 27039

Office of the Attorney General
Criminal Appeals Division
200 Saint Paul Place
Baltimore, Maryland  21202
ekelley@oag.state.md.us
(410) 576-7964 (telephone)
(410) 576-6475 (telecopier)

Counsel for Respondents

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of February, 2014, a copy of the foregoing Answer to Petition for Writ of Habeas Corpus and Order to Show Cause (with exhibits), which was filed electronically on February 7, 2014, was mailed, first class, postage prepaid, to Corey L. Woodfolk, #30079-037, FCI Otisville, P.O. Box 1000, Otisville, New York 10963.

                                        /s/
                                EDWARD J. KELLEY
                                Assistant Attorney General