STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

| | | |
|---|---|---|
| STATE OF MARYLAND | * | IN THE |
|     Plaintiff | * | CIRCUIT COURT |
| V | * | FOR |
| COREY WOODFOLK | * | BALTIMORE CITY |
|     Defendant | * | 28735804 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

TRANSCRIPT OF OFFICIAL PROCEEDINGS

(Re-Sentencing Hearing)

-- -- -- -- --

BEFORE:   THE HONORABLE JOHN M. GLYNN, JUDGE

-- -- -- -- --

HEARING DATE:      November 12, 2008

-- -- -- -- --

APPEARANCES:

For the Plaintiff: Dana Middleton, Esquire

For the Defendant: Benjamin Sutley, Esquire


Transcriptionist:    Michelle Sewell Oxford

Transcription Service: ACCUSCRIBES TRANSCRIPTION SERVICE

                                 1301 York Road, Suite 601

                                 Lutherville, Maryland 21093

                                 410-494-8300 Fax: 410-494-7015


Proceedings recorded on digital media with video,
transcript produced by transcription service.

2

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1                           TABLE OF CONTENTS

2

3                                               Page

4      State's Recommendation              11

5      Allocution                          17

6      Sentencing                          17

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

```
1                    P R O C E E D I N G S
2        (On the record - 02:10:08 p.m.)
3             THE COURT:  Ms. Middleton is here?
4             MS. MIDDLETON:  Yes.
5             THE COURT:  Why don't you approach and tell me
6    the story.  Come on up.
7                  BENCH CONFERENCE.
8        (Bench conference begins - 02:10:28 p.m.)
9        (All Counsel approach the bench where the following
10       ensues:)
11            THE COURT:  Now, what is the bottom line?  And I
12   have read it.  I promised.  At the end of the opinion it
13   says something.  Let's see.  It says --
14            MS. MIDDLETON:  It is here for a re-sentencing.
15   That is the bottom line that I got.
16            THE COURT:  It says: "We are persuaded that the
17   appropriate decision is to reinstate the (inaudible)
18   modify sentence, which the Court procedure has to be
19   voluntarily withdrawn nunc pro tunc and then consider that
20   motion on remat.
21            MR. SUTLEY:  Right.
22            THE COURT:  Now -- but explain this so I --
23            MR. SUTLEY:  Sure.
24            THE COURT:  I mean this is where I really got
25   confused.
```

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1          MR. SUTLEY:  Okay.  So --

2          THE COURT:  What -- the opera at the moment, the

3  current sentence is what?

4          MR. SUTLEY:  Well, it is now, basically, back to

5  where it was March 3rd of '88.

6          MS. MIDDLETON:  Which is ten years suspend all

7  but five years --

8          MR. SUTLEY:  Right.

9          THE COURT:  Uhmp?

10         MS. MIDDLETON:  -- and five years consecutive.

11 We are on the handgun, so it was ten years suspend all but

12 five years on the attempted murder, and then five years

13 consecutive to that on the handgun.

14         THE COURT:  Now, but then at some point he got

15 -- he eventually got a sentence that amounted to time

16 served and then he violated his probation.

17         MS. MIDDLETON:  And got three years.

18         MR. SUTLEY:  And that went consecutive to the

19 federal sentence.

20         THE COURT:  So his real sentence, before this

21 rigmarole started, was really three years consecutive?

22         MR. SUTLEY:  Well, no, because all that has been

23 vacated since then.

24         THE COURT:  No, no.  But at that point?

25         MR. SUTLEY:  Right.

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1      THE COURT:  That is what the judge on the scene
2  gave him, three years consecutive.
3      MR. SUTLEY:  To his federal sentence; correct.
4  Here is kind of in a nutshell what --
5      THE COURT:  He has not served that yet because
6  he has been in federal custody the whole time.
7      MR. SUTLEY:  He went in on March 3rd of '88.
8  Pled guilty.  He was represented by attorney who also
9  represented the co-defendant.
10      THE COURT:  I read all that.
11      MR. SUTLEY:  Okay.  All right.  Do you have all
12  the post conviction, everything that was --
13      THE COURT:  No.  All I have --
14      MR. SUTLEY:  I filed this --
15      THE COURT:  -- is this appeal.
16      MR. SUTLEY:  Okay.  I filed this and I sent --
17      THE COURT:  This is the Court of Appeal's
18  decision.
19      MR. SUTLEY:  -- copies and we are hoping to get
20  --
21      THE COURT:  Who heard this originally?
22      MR. SUTLEY:  This was Judge Byrnes' case.
23      THE COURT:  John Caroll?
24      MR. SUTLEY:  Yeah.
25      THE COURT:  Now, how did I get lucky in getting

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1    this?

2           MS. MIDDLETON:  Same way I got lucky.

3           THE COURT:  Because it is not in my Part number,

4    but I got it, so I guess we will deal with it.

5           MR. SUTLEY:  Somehow, through the course of

6    that, he gets this original sentence.  They go back on a

7    modification of sentence six months later bringing up

8    these issues of conflict of interest.

9           THE COURT:  Right.  I mean, the judge grants a

10   motion for a new trial --

11          MR. SUTLEY:  Right.  And gives him --

12          THE COURT:  -- even though he had never filed one

13   in a timely fashion.

14          MR. SUTLEY:  Right.  And gives him 15, suspend

15   all but 18 months.  He gets out.  The federal charge then

16   violates his probation.  He gets 50 years.  He comes back,

17   eventually, and gets I think three years consecutive to

18   the 50.

19       Down the road here, pro se, he files this motion and

20   then ultimately it goes to Court of Special Appeals where

21   they say Judge Byrnes should have never done that.  The

22   deal in all that is wiped out.  And so we are back for, I

23   guess, reimposition of the original sentence or the

24   alternative is that we are back here on the motion for

25   modification of sentence on that original sentence.

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1        THE COURT:  Well, that is what they set.

2        MR. SUTLEY:  Yeah.

3        THE COURT:  But the only pending sentence was

4   the three years consecutive.

5        MR. SUTLEY:  Right.  But that is off the table

6   now.

7        THE COURT:  Even though -- I know, because it is

8   --

9        MS. MIDDLETON:  And -- but then a couple

10  sentences back they said: "In a criminal case, when the

11  Appellate Court reverses the judgement for error in the

12  sentence, what sentence was received the Court shall

13  remand the case for re-sentencing."  So that is why I just

14  thought we were here on the last remaining sentence which

15  is 15 suspend but 5.

16        THE COURT:  So what do you guys want?

17        MS. MIDDLETON:  I want 15 -- for you to take the

18  15 to another five which was the original sentence before.

19        THE COURT:  But has he served that?

20        MR. SUTLEY:  He has served -- I mean, he has

21  been in since -- and he served, you know --

22        MS. MIDDLETON:  I think that is the time that --

23  he had like 230 something days.  That was what?

24        THE COURT:  Nine months -- eight months.

25        MS. MIDDLETON: I read - and counsel did file --

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1   I did read some of the motions that counsel filed, because

2   I got two copies of it.  But he, essentially, had served

3   eight to nine months or 200 and something, I believe?

4         MR. SUTLEY:  Right.  He served enough.  Around

5   the 18 months he got out, and then, you know, got picked

6   back up, held, rearrested on the violation of probation.

7         THE COURT:  What do you want out of this, in the

8   end?

9         MR. SUTLEY:  I guess, what I want is,

10  essentially, reissuing of the original sentence to then be

11  able to -- and it should have been -- we sent it all to

12  the clerk's office -- to then have this post conviction

13  which is now back on the table again.

14        THE COURT:  But what is the point of the post

15  conviction?

16        MR. SUTLEY:  The point of the post conviction is

17  that -- what it is, is that if -- it goes back to his

18  conflict of interest issue, which is a very strong issue

19  when you look at it.  And if that gets, then, reversed on

20  a constitutional error, his federal sentencing guidelines

21  go down by about 20 years.

22        THE COURT:  So that is really the --

23        MR. SUTLEY:  That is the end game.  That is what

24  we are looking at.  And it really is a legitimate conflict

25  of interest case.  At the time he pled guilty they turned

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1    right around and stead the co-defendant's case.  They were
2    both represented by the same attorney so --
3            THE COURT:  Who was that?
4            MR. SUTLEY:  His attorney?  Michael Bogosian.
5            THE COURT:  I know him.
6            MR. SUTLEY:  Uhmp-uhmp.  I called him, he said
7    he didn't have any independent recollection of how the
8    matter --
9            THE COURT:  No, why would he.
10           MR. SUTLEY:  Yeah.  Uh-uh.  And so there was no
11   sense in really bringing him here.  He said whatever is on
12   the record is on the record.
13           THE COURT:  So he pled guilty or rather -- yeah.
14   Well, he -- there was never a trial.
15           MR. SUTLEY:  Never a trial.  His position, if
16   you recall he testified, was told he plead guilty, your
17   buddy goes free.  And the way it plays out, essentially, I
18   think, you know, corroborates that, is that he pled
19   guilty.  They turned around just after in the same hearing
20   and stead the co-defendant's case.  Both represented by
21   the same attorney.  So I think there is a clear, you know,
22   issue there on that; it is just when are we going to get
23   to that point.
24       I mean, it starts with the reimposition of the
25   sentence and then --

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1      MS. MIDDLETON:  The sentence is reimposed and
2  that -- it reaffirms the post conviction petition.
3      MR. SUTLEY:  Right.  Because he wasn't able to
4  raise that afterwards because he waived that issue in
5  exchange for that motion for a new trial.  So he was never
6  able to bring that issue up.  But now since all that has
7  been off the table, he is now back in the position where
8  he can raise that post conviction issue.
9      THE COURT:  Or I could just impose the time
10  concurrent and the post conviction would be dead.
11      MR. SUTLEY:  Except that you would have --
12  except that we -- true.  And I was prepared for that.
13  Except that the original sentence left open a five-year
14  probation period which is never closed.
15      MS. MIDDLETON:  And with the handgun charge
16  (inaudible) he was found guilty of the mandatory
17  (inaudible) which was 5 consecutive, because that handgun
18  -- it was attempted murder and the handgun, it is not
19  clear whether or not this handgun came about, I looked at
20  his record.  It doesn't say handgun crime of violence.
21  Handgun crime of violence would have to be imposed
22  consecutively with, regular handgun would not change the
23  (inaudible).
24      THE COURT:  What was he being sentenced on?
25      MR. SUTLEY:  He was sentenced -- my review is

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1  that it was 5 concurrent.  It was 10 with all, but 5

2  suspended.  Five concurrent on the handgun.

3          MS. MIDDLETON:  Five consecutive.

4          MR. SUTLEY:  It was consecutive?

5          MS. MIDDLETON:  Uhmp-uhmp.

6          MR. SUTLEY:  Okay.  All right.  And then in his

7  petition rights, now concurrent.  See -- and that -- see,

8  and that is why I had -- the benefit from the new trial is

9  that they upped it to 15 years suspended rather than 10

10  suspended.

11          MS. MIDDLETON:  And then on the second case he

12  only had to plead guilty to the deadly weapon, which is

13  not the handgun, and he could have gotten concurrent

14  terms.

15          MR. SUTLEY:  But back to the point of time

16  served, because, you know, there is also, and I have it,

17  it hasn't been filed yet, but it is also an issue for

18  coram notice if that would have, you know, if the door was

19  shut to us on post conviction.  But I would argue that

20  since we are back here on re-sentencing that then opens

21  that door back up, and, you know, there was an open-ended

22  period of probation has never been closed.

23          THE COURT:  So what do you want me to do, Ms.

24  Middleton?

25                  STATE'S ARGUMENT

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1          MS. MIDDLETON:  The State would ask -- I

2    understand that would reopen all of that -- all those

3    other motions -- I think (inaudible) re-sentencing.  I

4    think that the appropriate remedy would be if he received

5    the original sentence.

6          THE COURT:  Which was?

7          MS. MIDDLETON:  Fifteen years suspend all but 5

8    years and then 5 years consecutive.

9          MR. SUTLEY:  And that was -- dating from today?

10         MS. MIDDLETON:  It will have to go back from the

11   date of the sentencing.

12         MR. SUTLEY:  Okay.

13         MS. MIDDLETON:  I think it was 10 of '87.

14         THE COURT:  It has never been served?

15         MS. MIDDLETON:  Never been served.

16         MR. SUTLEY:  Right.

17         THE COURT:  But wait a minute.  Was any of it

18   served?

19         MR. SUTLEY:  Yeah, the original.  From the time

20   he was arrested in '87 up through --

21         MS. MIDDLETON:  -- the initial conviction.

22         MR. SUTLEY:  Right.  Up through when he got out

23   after it was changed down to 18 months.  The alternative,

24   judge, is that we have also filed a motion to ask you to

25   hold him here locally.  Perhaps the writ could be

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1    continued for 30 days, because I know everyone needs --

2          MS. MIDDLETON:  I don't know if he could do that

3    because he had to ask for -- he had to be released from

4    federal custody for 30 days and we only got him the writ

5    for today, only.

6          THE COURT:  I doubt if I am going to get

7    involved in telling the federal government where to keep

8    these guys.

9          MR. SUTLEY:  Okay.  I mean, it is in his motion

10   here.

11         THE COURT:  Right.

12         MR. SUTLEY:  And I just, you know, ask you to

13   take a --

14         THE COURT:  They are not going to pay any

15   attention to what I say anyhow.

16         MR. SUTLEY:  It is just that one.

17         MS. MIDDLETON:  May I step back, because I

18   believe the original order is in the Court file.  We could

19   look at the original order.

20         THE COURT:  The original sentence?

21         MS. MIDDLETON:  Uhmp-uhmp.  And that is also --

22   the time served.

23         THE COURT:  Okay.  Get the original sentence and

24   see what it is, and I will reimpose it and we will go from

25   there.

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1        (State Counsel returns to the trial table.)

2            MR. SUTLEY:  Would you keep the case?  Could we

3    reset it for post conviction then if everything is filed?

4            THE COURT:  I don't care.

5            MR. SUTLEY:  This was all filed a couple weeks

6    ago.  I was a little concerned I never saw the docket

7    entries.

8            THE COURT:  It's odd.  I don't have it, but it

9    may be in the file.

10           MR. SUTLEY:  Well, I will --

11           THE COURT:  All right.  Because otherwise

12   (inaudible).

13           MR. SUTLEY:  It doesn't seem like it makes much

14   difference here.  But he served 15 on 50.  He could get 20

15   knocked off.  He could get out.  Right now he is going to

16   die in prison.  His whole family is here.

17           THE COURT:  He is not that old.

18           MR. SUTLEY:  But, you know, 50 years on top of,

19   you know, however old he is.

20           THE COURT:  Right.

21           MR. SUTLEY:  Okay.

22       (Bench conference concluded - 02:21:11 p.m.)

23       (Defense Counsel returns to the trial table where the

24       following ensues:)

25           THE COURT:  Right.  So this is actually --

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1   somebody call the correct case number because this arises

2   out of a Court of Special Appeals case No. 2836, Corey

3   Lorenzo Woodfolk versus State of Maryland, which was

4   decided by the Court of Special Appeals unreported on June

5   6, 2007.

6        MS. MIDDLETON:  Thank you, Your Honor, if the

7   State may call the matter.  Dana Middleton on behalf of

8   the State, calling State of Maryland versus Corey

9   Woodfolk, State case No. 28735804.

10       MR. SUTLEY:  And good afternoon, Your Honor,

11  Benjamin Sutley, I represent Corey Woodfolk, who had

12  originally done all this work pro se, and I have entered

13  my appearance since then and I am representing him on

14  these matters.

15       MS. MIDDLETON:  Your Honor, may I approach with

16  the Court files?

17       THE COURT:  Sure.

18       MR. SUTLEY: Sure.

19            BENCH CONFERENCE

20    (Bench conference begins - 02:22:25 p.m.)

21    (All Counsel approach the bench where the following

22    ensues:)

23       THE COURT:  The whole time he served 5 years?

24       MR. SUTLEY:  Uhmp-uhmp.

25       THE COURT:  Are you --

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1        MS. MIDDLETON:  Does it say 5 years?

2        THE COURT:  It says at the bottom, "Total of

3    time to be served 5 years."  So it is 10, suspend all but

4    5, 5 years concurrent --

5        MR. SUTLEY:  Yeah, it is.

6        THE COURT:  -- on the handgun charge.  All

7    right.

8        MR. SUTLEY:  Oh.  Okay.

9        MS. MIDDLETON:  I just wanted to be clear.

10        THE COURT:  All right.  So let us make this on

11    clear on the record.  The original verdict -- the original

12    judgment, which the Court of Special Appeals references

13    back to, involved charges of attempted murder, first

14    count, sentence agreed upon was 10 -- or not agreed upon.

15    The sentence was 10 years suspend all but 5 years.  And

16    how many years probation?

17     (Defendant answers from trial table.)

18        THE DEFENDANT:  Five.

19        THE COURT:  Five years probation.  And there was

20    a concurrent sentence to a handgun violation which was

21    count 2, of 5 years concurrent.

22        THE DEFENDANT:  Correct.

23        THE COURT:  So the effective sentence was 10

24    years suspend all but 5 years, 5 years probation; am I

25    correct?

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1      MS. MIDDLETON:  Yes.

2      THE DEFENDANT:  Five years supervised release.

3      MR. SUTLEY:  Right, supervised release.

4    (Bench conference ends - 02:23:29 p.m.)

5    (All Counsel return to the bench where the following

6    ensues:)

7      THE COURT:  What you gentlemen and lady want me

8    to do is to reimpose that sentence which I have just

9    recited; is that correct?

10      MS. MIDDLETON:  Yes, Your Honor.

11      THE COURT:  Now, based on the law, he has a

12    right to say anything he wants me to say before the

13    sentence is reimposed.  Is there any argument he wants to

14    make on the issue of sentence?  Anything he wants to say

15    on the issue of sentence?

16      MR. SUTLEY:  He does, Your Honor.

17              ALLOCUTION

18      THE DEFENDANT:  One second, please, Your Honor.

19      MR. SUTLEY:  As per sentencing, judge, if there

20    is nothing further, I submit 10, suspend all but 5 under

21    the reimposition of that sentence.

22              SENTENCING

23      THE COURT:  All right.  So I am going to

24    reimpose the original sentence.  First count, 10 years

25    suspend all but 5 years, 5 years probation.

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1          Second count, 5 years concurrent on the handgun

2     charge.  The effect of sentence, 10 years suspend all but

3     5 years, 5 years probation.

4          As of -- that was the same sentence that was entered

5     20 years ago; correct?

6               MR. SUTLEY:  That's correct.

7               THE COURT:  And that's agreed upon?

8               MR. SUTLEY:  Yes.

9               MS. MIDDLETON:  Yes, Your Honor.

10              THE COURT:  Now, that sentence was entered to be

11    consecutive to all current and outstanding Maryland

12    sentences?

13              MR. SUTLEY:  That was the first sentence

14    imposed.

15              THE COURT:  All right.

16              MR. SUTLEY:  Only later did he get a consecutive

17    sentencing after he was sentenced in federal prison.

18              THE COURT:  I will -- just to solve some

19    procedural issues, I will impose the sentence

20    consecutively --

21              MR. SUTLEY:  Very well.

22              THE COURT:  -- if that enables you to deal with

23    your issue.

24              MR. SUTLEY:  Okay.

25              THE COURT:  And -- all right.  Now, was there

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1    something else you gentlemen wanted to say?

2         MR. SUTLEY:  Your Honor, and just so the record

3    reflects.  We had submitted several petitions prior to

4    this hearing.  The State did receive a copy. I understand

5    it never made it to the Court file.  There was a petition

6    for post conviction relief.

7         It was also -- and I think the most relevant part

8    today, Your Honor, were two issues; one is to order him

9    to, essentially, continue the writ to have him remain here

10   in Baltimore pending -- due to the incredible

11   complications of transporting someone from New York to

12   state court here.  And that if we could even set this back

13   in, in 30 or 60 days.  I know it is not a whole lot -- I

14   know the State needs some time, Your Honor needs some time

15   to research the issues we have put before you.  But I

16   don't anticipate this being an overly lengthy or

17   burdensome hearing.  I think the more burdensome part is

18   going to be getting him to and from New York.  So I would

19   ask if you could at least order him here.

20        Now, what the federal authorities do, I know you

21   can't control, but if he could be ordered to stay here, we

22   might have an opportunity, Your Honor, and then, perhaps,

23   you know, they will leave him here and then we can resolve

24   this quicker than sooner than later.

25        MS. MIDDLETON:  Your Honor, the reason why the

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1    State cannot ask to extend the writ is because the State

2    had to ask that it be issued for today only.  And he was

3    released from federal custody for today's hearing only.  A

4    writ has not been done to extend that.  And that had to be

5    -- and as the Court and Mr. Sutley is aware, we had to do

6    that in weeks ahead of time to get him here just for

7    today.

8          THE COURT:  I am familiar with this.  But what

9    is the status of the post convictions now?  Has anything

10   being done with them?

11         MR. SUTLEY:  Just that it has been filed, Your

12   Honor. It has been filed. It is now right because you had

13   to reimpose that sentence first.  That is the only way we

14   could file them.

15         THE COURT:  When do you want to actually have a

16   hearing on this?

17         MR. SUTLEY:  You now, as soon as we can get all

18   parties back together.  We are ready today, obviously, you

19   know.  I can't force, you know, the State, obviously, you

20   know, they -- but we are ready to go today, Your Honor.

21         THE COURT:  Well, why don't I set it for the

22   purpose of seeing where -- why don't we set it for

23   February 10? February 10th?

24         MR. SUTLEY:  I am sorry.

25         THE COURT:  February 10th.

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1          MR. SUTLEY:  February 10.

2          THE COURT:  That is a collateral day.

3          MR. SUTLEY:  Sure.

4          MS. MIDDLETON:  Your Honor, the State -- I am

5   not here the whole week and I am guessing that --

6          THE COURT:  All right.  February 25th.

7          MR. SUTLEY:  February 25.  Your Honor, just for

8   clarity purposes.  On the 10 suspend all but 5 that was

9   reimposed, if he could get credit for the days prior to

10  the plea that he entertained --

11         THE COURT:  Granted.

12         MR. SUTLEY:  -- which would have been -- okay.

13         THE COURT:  He has a right to any credit.

14         MS. MIDDLETON:  That would be the same amount of

15  days, I am guessing, on the original sentencing.

16         THE COURT:  Two hundred and something.

17         MS. MIDDLETON:  Uhmp-uhmp.  Two hundred and I

18  believe 35 days.  If I could -- may I approach madam

19  clerk?

20         THE COURT:  Yes.

21     I will give you credit for the 235 days served

22  pre-sentence.

23         MR. SUTLEY:  Your Honor, if my client could just

24  be heard for --

25         THE COURT:  By the way, did he serve any days

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1   post sentence?

2           MR. SUTLEY:  I am sorry.

3           THE COURT:  Did he serve any time post sentence?

4           THE DEFENDANT: No, it was only about four or

5   five days.

6           MR. SUTLEY:  Four or five days.

7           THE DEFENDANT:  March 3rd (inaudible).

8           THE COURT:  And what is wrong now?

9           THE DEFENDANT:  Your Honor, the writ that was

10  issued for me.  If Your Honor could continue the writ

11  until we are finished with the proceedings.  The thing is,

12  if I go back to New York they are not going to bring me

13  back.

14          THE COURT:  How did we get you here this time?

15          THE DEFENDANT:  We got here this time because

16  under Maryland law I had to be here for re-sentencing.

17  And what is happening is you know how hard it was to get

18  me here.  What happens is, I got a right under Maryland

19  law, as Your Honor is aware, to be present at any hearing.

20  I have a right to testify at any hearing.

21          THE COURT:  Right.

22          THE DEFENDANT:  I have a right, not planning on

23  taking depositions and things like that, I have a right to

24  be present in the taking of any evidence.  I think that

25  with me being here would be helpful to my attorney and

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1   because this case is so old some of the individuals we may

2   call, Judge Byrnes possibly and the attorney Michael

3   Bogosian.

4          THE COURT: Well, look, I will do this, I will

5   indicate, "continue the writ to February 25," but what

6   they do with it, I can't control what they do.

7          THE DEFENDANT:  Sure.

8          THE COURT:  I have a hard time getting people

9   here from the federal authorities in any event.

10          THE DEFENDANT:  Feds won't come and get me --

11          THE COURT:  I am well aware of this problem.  It

12   happens all the time.

13          THE DEFENDANT:  -- because when I left they

14   thought I was going to be gone for about four or five

15   months.  They told me, "Yeah, you are going to be gone

16   four or five months probably, but, you know, when you get

17   back, whatever, paperwork --

18          THE COURT:  We will continue the writ to

19   February 25.  Be prepared because we are going to have to

20   do this that day.

21          MR. SUTLEY:  That day.

22          THE COURT:  Because --

23          MR. SUTLEY:  Two o'clock, Your Honor, like your

24   normal post convictions?

25          THE COURT:  Correct.

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1           MR. SUTLEY:  Okay.

2           THE COURT:  We will see how it goes.  Where they

3  send you -- don't call me up, because the Feds are not --

4  if they want to take him back, they are not going to pay

5  any attention to what I say.

6           MR. SUTLEY:  Your Honor, you won't hear from me

7  until the February 25th.

8           THE DEFENDANT:  They won't come and get me, as

9  long as you got --

10          THE COURT:  I don't know.

11          THE DEFENDANT:  -- your jurisdiction, they will

12  force you to (inaudible).

13          THE COURT:  You never know.  They sometimes do

14  odd things, right.  All right.  Good luck.

15          THE CLERK:  I don't understand the sentence,

16  judge.

17          THE COURT:  Ten suspend all but 5.

18          THE CLERK:  Yes, but it is two counts.

19          THE COURT:  Yes, 10 suspend all but 5, and 5

20  concurrent.

21          THE CLERK:  Five years straight time.

22          THE COURT:  Concurrent, yes.  Straight time.

23          THE CLERK:  Because on the Court file it shows 5

24  years suspended and you said the original sentence.

25          THE COURT:  Was it the -- wouldn't the original

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1    sentence suspend the other 5?

2              MR. SUTLEY:  I think it did.

3              THE COURT:  Thank you.  We will correct the

4    other part of the sentence.  The concurrent sentence is 5

5    years concurrent, suspended 5 years probation.

6              MS. MIDDLETON:  And what is running consecutive,

7    the whole sentence?

8              THE COURT:  Sentenced to all other -- now, I

9    don't know how this is going to play out, because the

10   language is consecutive to all current and outstanding

11   Maryland sentences.  Now, the sentence that he is now

12   serving was not current at the time of the original but it

13   is now.

14             THE CLERK: Can I have the case number for that

15   one?

16             THE DEFENDANT:  04930419.

17             THE CLERK:  Okay.

18             THE COURT:  All right.

19             THE DEFENDANT:  When it gets back to the Defense

20   they will take care of -- they will know whether or not it

21   is consecutive or not?

22             THE COURT:  You hope.

23             THE DEFENDANT:  I don't know how you guys do it.

24   They will do it.  I can --

25             THE CLERK:  JF --

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

```
 1          THE DEFENDANT:  JFM 930419.
 2          THE  CLERK:  And that is your case number?
 3          THE DEFENDANT:  Yes.
 4          THE  CLERK:  All right.
 5          THE COURT:  All right.  Anything else?
 6          THE DEFENDANT:  No.
 7          MR. SUTLEY:  Thank you, Your Honor.
 8          THE COURT:  All right.  Good luck.
 9          MR. SUTLEY:  Okay.
10       (Off the record- 02:32:29 p.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

STATE OF MARYLAND VS. COREY WOODFOLK
November 12, 2008 BEFORE JUDGE JOHN M. GLYNN

1               TRANSCRIBER'S CERTIFICATE

2       This is to certify that the proceedings in the matter

3   of State of Maryland v. Corey Woodfolk, case number

4   28735804 heard in Circuit Court for Baltimore City on

5   November 12, 2008, was recorded on digital media with

6   video.

7       I hereby certify that the proceedings, herein

8   contained were transcribed by me or under my direction.

9   That said transcript is a true and accurate record to the

10  best of my ability and constitutes the official transcript

11  thereof.

12      In witness thereof, I have hereunto subscribed my

13  name on July 4, 2012.

14

15

16

17

18              _____

19              Sherry R. Miller, President

20

21

22

23

24

25