IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COREY L. WOODFOLK | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-13-3268 |
| GARY D. MAYNARD, et al. | * | |
| Respondents | * | |

***

## MEMORANDUM

Respondents allege the above-captioned petition for writ of habeas corpus must be dismissed as it is time-barred. ECF 5. Petitioner has filed a reply suggesting the petition is timely. ECF 7, *see also* ECF 8 and 9. The court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

### Background

Petitioner challenges his November 12, 2008 conviction in the Circuit Court for Baltimore City on charges of attempted murder and use of a handgun in the commission of a crime of violence. After entering a plea of guilty, petitioner was sentenced to serve 10 years all suspended but five years; five years concurrent; and five years of supervised probation. ECF 1.

Petitioner alleges he was denied his Sixth Amendment right to the effective assistance of counsel due to counsel's conflict of interest. Specifically, he claims that he and his co-defendant, Cornelius Langley, hired the same attorney to represent them at trial and the attorney advised petitioner to plead guilty so that Langley could go free. ECF 1 at pp. 5 – 6. Petitioner is currently in the custody of the Federal Bureau of Prisons on another conviction. *Id.* at p. 7.

Respondents state that petitioner was originally convicted on March 4, 1988. ECF 5 at Ex. 2, pp. 1 – 3. On that date he was sentenced to the term as set forth in the petition; he did not appeal the entry of his guilty plea or the sentence imposed. *Id.* On June 3, 1988, petitioner filed a motion for reduction or modification of the sentence and was granted a hearing which was held on October 27, 1988. *Id.* at Ex. 1, p. 3. At that hearing petitioner was granted a new trial at which he entered another guilty plea. *Id.* at Ex. 2. After accepting his guilty plea the court sentenced petitioner to serve fifteen years in prison for attempted murder with all but eighteen months suspended, a five year period of probation, and a concurrent term of eighteen months for the handgun offense.[1] *Id.* Petitioner did not appeal following this proceeding, making the conviction final for direct appeal purposes on November 26, 1988, after the thirty day period for filing an appeal expired.

After petitioner was sentenced to serve a federal sentence, he was charged with a violation of probation in the state case. On December 8, 1994, petitioner pled guilty to a violation of probation and was sentenced to serve three years of the suspended portion of the sentence imposed for attempted murder which was made consecutive to the federal sentence. Petitioner did not appeal the revocation of his probation. *Id.* at Ex. 1 and 2.

On February 1, 1995, petitioner filed for post-conviction relief; the petition was withdrawn without prejudice on July 14, 1995. ECF 5 at Ex. 1, p. 5. A second petition for post-conviction relief was filed on June 25, 1998, and was denied on November 9, 2000. *Id.* at pp. 5 – 7. A subsequent application for leave to appeal the post-conviction court's decision was denied summarily by the Court of Special Appeals in an unreported decision dated October 12, 2001. The mandate issued on November 13, 2001. *Id.* at Ex. 3.

---

[1] The modification to the state sentence permitted his release from state custody. Petitioner was then charged with a federal offense in this court for which he received a term of 50 years. *See United States v. Woodfolk*, Crim. Case JFM-93-419 (D. Md.) at docket 264 and 333 (amended judgment).

On August 8, 2005, petitioner moved to reopen post-conviction proceedings; the motion was denied on September 7, 2005. ECF 5 at Ex. 1, p. 8. An application for leave to appeal the denial of the motion to reopen was denied by the Court of Special Appeals by mandate dated January 30, 2006. *Id*. Also in January of 2006, petitioner filed a motion to correct an illegal sentence, alleging that the October 10, 1988 guilty plea and sentence was illegal as a matter of law. The motion to correct illegal sentence was denied by the Circuit Court, but the decision was later reversed on June 6, 2007, by the Court of Special Appeals.

The appellate court held that the circuit court lacked the authority to grant a new trial in October of 1988 because the motion for modification was untimely for purposes of granting a new trial.[2] The circuit court's order granting a new trial and imposing a new sentence was therefore vacated. The case was remanded for consideration of petitioner's originally filed motion for modification of sentence.[3] The court's mandate issued on July 6, 2007; no further appellate review was sought regarding this decision. ECF 5 at Ex. 2.

Pursuant to the remand ordered by the Court of Special Appeals, a hearing was held on November 12, 2008. ECF 5 at Ex. 4. At the hearing petitioner's motion for modification of sentence was granted with respect to correcting the sentence for the handgun offense, making it

---

[2] The Court of Special Appeals observed that:

> This Court, and the Court of Appeals, have noted that "a trial court ha[s] no power to grant a new trial except pursuant to a timely motion." *Ware v. State*, 3 Md. App - 62, 237 A-2d 526 (1968). Appellant's original conviction and sentence was entered on March 4, 1988. His oral motion for a new trial was made on October 27, 1988, over seven months later. Under Rule 4-331, the court was without jurisdiction to grant a new trial based on a motion filed after 90 days of sentence and it could not entertain an oral motion, no matter when the motion was made. Appellant's motion for a new trial was, therefore, ineffective.

ECF 5 at Ex. 2, p. 9.

[3] The 1988 motion for modification had been in effect "converted" to a motion for a new trial when the presiding judge permitted petitioner to withdraw his original guilty plea and enter a new plea of guilty, followed by imposition of a sentence that effected petitioner's release from prison. ECF 5 at Ex. 2.

concurrent with the attempted murder sentence. The state sentence was made consecutive to the federal term petitioner was then serving. *Id*. at Ex. 4.

On January 20, 2009, following the denial of his motion for modification, petitioner sought post-conviction relief. The Circuit Court found that the claims raised in the petition for post-conviction relief were waived because petitioner had not filed an application for leave to appeal his original plea and denied relief. ECF 5 at Ex. 5. Petitioner filed an application for leave to appeal the post-conviction court's ruling with the Court of Special Appeals which was denied on January 26, 2012. *Id*. at Ex. 6. On July 9, 2013, petitioner's motion for reconsideration was denied by the appellate court and the mandate issued. *Id*.

## Standard of Review

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) citing *Harris* 209 F. 3d at 330. To be entitled to equitable tolling, petitioner in the instant case must establish that either some wrongful conduct by respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000).

**Analysis**

Petitioner takes the position that his application for federal habeas relief is timely. He asserts that he was sentenced to ten years imprisonment on November 12, 2008, and relies upon this date as the operative date for determining the federal habeas filing deadline. Thus, his position is that the judgment became final on December 12, 2008, when his time for seeking appellate review expired. Petitioner asserts that the federal habeas statute of limitation was then tolled when he filed a petition for post-conviction relief in the Circuit Court for Baltimore City on November 12, 2008, and remained tolled until October 21, 2013, when the Court of Appeals denied his request for certiorari review. He concludes that because the instant petition was filed on November 1, 2013, it is timely under 28 U.S.C. §2244(d)(2). ECF 7 at pp. 2 - 3.

Respondents argue that the one year limitation period in this case "at the latest" began running on July 21, 2007, the date of the Court of Special Appeals' decision reinstating

petitioner's motion for reconsideration of sentence. ECF 5. Respondents offer no explanation as to why that date is the operative date other than to cite, without argument or explanation, this court's decision in *Tasker v. State of Maryland*, Civ. Action AW-11-1869 (D. Md.). *Id.*

The issue in this case requires a determination of whether the Court of Special Appeals' decision vacating the state court's decision granting a new trial and remanding for consideration of the 1988 motion for modification had the effect of resuscitating petitioner's right to seek federal habeas relief. To make that determination the court looks to the nature of the appellate court's decision as well as the proceeding before the state circuit court upon remand.

The Court of Special Appeals did not vacate petitioner's conviction. Rather, the court explained:

> The court was without jurisdiction to grant appellant's untimely motion for a new trial under Rule 4-331. Although the court did have jurisdiction to modify appellant's motion under Rule 4-345, it could not increase his sentence.
> 
> \*\*\*\*
> 
> We are not, however, vacating appellant's convictions. "In a criminal case, if the appellate court reverses the judgment for error in the sentence or sentencing proceeding, the Court *shall remand the case for resentencing*." Md. Rule 8-604(d) (2) (emphasis added). Under the circumstances of this case, we are persuaded that the appropriate procedure is to reinstate appellant's motion to modify sentence, which the court suggested he voluntarily withdrew, nunc pro tunc. That motion can then be considered on remand.

ECF 5 at Ex. 2, p. 10 (emphasis in original).

In essence the Court of Special Appeals' decision placed the case in the same procedural posture that existed in October of 1988 when petitioner filed his first motion for reconsideration. On remand, the Circuit Court re-imposed the same sentence petitioner received in the violation of probation proceeding and made the term consecutive to petitioner's federal sentence[4] which did not exist at the time petitioner entered the original guilty plea. ECF 5 at Ex. 4.

---

[4] The sentence was made consecutive at the request of petitioner's counsel at resentencing to enable him to file for post-conviction relief raising the Sixth Amendment issue presented in the instant petition. ECF 5 at Ex. 4. Post-

Respondents' reliance on this court's holding in *Tasker* appears to be misguided. The facts involved in that case are distinguishable from the case at bar as the petitioner in *Tasker* filed a motion for modification of sentence which remained pending for a number of years and the motion was ultimately denied. There was never a time in that case where, as here, the sentence imposed by the trial court was vacated and the case remanded for resentencing. More troubling to this court is respondents' reliance on an unpublished decision which was not provided as an exhibit to the response and, presumably, not provided to petitioner to address. *See* Local Rule 105.5(a)(1).

Petitioner's argument that the date of the Court of Special Appeals' decision is not the operative date is well taken. ECF 7 at p. 5. The appellate court's decision required a new hearing to take place and, in the interim, the sentence imposed in 1988 following the "new trial" was vacated. Clearly, any federal habeas petition filed following that decision would have been premature. Also well taken is petitioner's argument that the resentencing proceeding afforded him the right to present mitigating evidence under Maryland law.[5] ECF 7 at p. 7, citing *Bartholomey v. State*, 267 Md. 175 (1972).

In light of the above observations the court will require further briefing from respondents addressing the applicability of *Wall v. Kohli*, 131 S. Ct. 1278 (2011) to the instant case. In addition, respondents shall also address the substance of petitioner's claim and whether, if the petition is considered timely, this court can reach the merits of that claim. Counsel is also reminded that any reliance on the *Tasker* decision will require providing a copy of that decision

---

conviction relief was, however, denied after the post-conviction court found that petitioner had not presented sufficient evidence to excuse his neglect to raise the issue in an application for leave to appeal or in prior petitions seeking post-conviction relief. ECF 5 at Ex. 5.

[5] The re-imposition of petitioner's sentence neither included consideration of mitigating evidence, nor involved presentation of argument regarding the legality of the sentence as originally imposed.

to petitioner. Upon receipt of respondents' amended answer, petitioner will be permitted an opportunity to respond.


    June 2, 2014                                                   /s/
Date                                                                J. Frederick Motz
                                                                     United States District Judge