**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

COREY L. WOODFOLK                          *

Petitioner                                         *

v                                                  *          Civil Action No. JFM-13-3268

GARY D. MAYNARD, et al.                    *

Respondents                                       *
                                                ***

## MEMORANDUM

Pursuant to this court's memorandum and order of June 2, 2014, respondents have supplemented the limited response to the above-captioned petition for writ of habeas corpus. ECF 18.  Petitioner has filed a reply.  ECF 20.  The court finds a hearing unnecessary.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011);  *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

### Background

Petitioner challenges his November 12, 2008 conviction in the Circuit Court for Baltimore City on charges of attempted murder and use of a handgun in the commission of a crime of violence.  After entering a plea of guilty, petitioner was sentenced to serve 10 years all suspended but five years; five years concurrent; and five years of supervised probation.   ECF 1.

The procedural background that is relevant to the issue now pending before the court is as follows:

> [P]etitioner was originally convicted on March 4, 1988.  ECF 5 at Ex. 2, pp. 1
> – 3.  On that date he was sentenced to the term as set forth in the petition; he
> did not appeal the entry of his guilty plea or the sentence imposed.  *Id*.  On
> June 3, 1988, petitioner filed a motion for reduction or modification of the
> sentence and was granted a hearing which was held on October 27, 1988.  *Id*.

at Ex. 1, p. 3.  At that hearing petitioner was granted a new trial at which he entered another guilty plea.  *Id*. at Ex. 2.  After accepting his guilty plea the court sentenced petitioner to serve fifteen years in prison for attempted murder with all but eighteen months suspended, a five year period of probation, and a concurrent term of eighteen months for the handgun offense.[1]  *Id*.  Petitioner did not appeal following this proceeding, making the conviction final for direct appeal purposes on November 26, 1988, after the thirty day period for filing an appeal expired.

After petitioner was sentenced to serve a federal sentence, he was charged with a violation of probation in the state case.  On December 8, 1994, petitioner pled guilty to a violation of probation and was sentenced to serve three years of the suspended portion of the sentence imposed for attempted murder which was made consecutive to the federal sentence. Petitioner did not appeal the revocation of his probation.  *Id*. at Ex. 1 and 2.

On February 1, 1995, petitioner filed for post-conviction relief; the petition was withdrawn without prejudice on July 14, 1995.  ECF 5 at Ex. 1, p. 5.  A second petition for post-conviction relief was filed on June 25, 1998, and was denied on November 9, 2000.  *Id*. at pp. 5 – 7.  A subsequent application for leave to appeal the post-conviction court's decision was denied summarily by the Court of Special Appeals in an unreported decision dated October 12, 2001.  The mandate issued on November 13, 2001.  *Id*. at Ex. 3.

On August 8, 2005, petitioner moved to reopen post-conviction proceedings; the motion was denied on September 7, 2005.  ECF 5 at Ex. 1, p. 8.  An application for leave to appeal the denial of the motion to reopen was denied by the Court of Special Appeals by mandate dated January 30, 2006.  *Id*.  Also in January of 2006, petitioner filed a motion to correct an illegal sentence, alleging that the October 10, 1988 guilty plea and sentence was illegal as a matter of law.  The motion to correct illegal sentence was denied by the Circuit Court, but the decision was later reversed on June 6, 2007, by the Court of Special Appeals.

The appellate court held that the circuit court lacked the authority to grant a new trial in October of 1988 because the motion for modification was untimely for purposes of granting a new trial.[2]  The circuit court's order granting a new

---

[1] The modification to the state sentence permitted his release from state custody.  Petitioner was then charged with a federal offense in this court for which he received a term of 50 years.  *See United States v. Woodfolk*, Crim. Case JFM-93-419 (D. Md.) at docket 264 and 333 (amended judgment).

[2] The Court of Special Appeals observed that:

> This Court, and the Court of Appeals, have noted that "a trial court ha[s] no power to grant a new trial except pursuant to a timely motion." *Ware v. State*, 3 Md. App - 62, 237 A-2d 526 (1968). Appellant's original conviction and sentence was entered on March 4, 1988. His oral motion for a new trial was made on October 27, 1988, over seven months later. Under Rule 4-

trial and imposing a new sentence was therefore vacated. The case was remanded for consideration of petitioner's originally filed motion for modification of sentence.[3] The court's mandate issued on July 6, 2007; no further appellate review was sought regarding this decision. ECF 5 at Ex. 2.

Pursuant to the remand ordered by the Court of Special Appeals, a hearing was held on November 12, 2008. ECF 5 at Ex. 4. At the hearing petitioner's motion for modification of sentence was granted with respect to correcting the sentence for the handgun offense, making it concurrent with the attempted murder sentence. The state sentence was made consecutive to the federal term petitioner was then serving. *Id*. at Ex. 4.

On January 20, 2009, following the denial of his motion for modification, petitioner sought post-conviction relief. The Circuit Court found that the claims raised in the petition for post-conviction relief were waived because petitioner had not filed an application for leave to appeal his original plea and denied relief. ECF 5 at Ex. 5. Petitioner filed an application for leave to appeal the post-conviction court's ruling with the Court of Special Appeals which was denied on January 26, 2012. *Id*. at Ex. 6. On July 9, 2013, petitioner's motion for reconsideration was denied by the appellate court and the mandate issued. *Id*.

ECF 12 at pp. 2- 4.

This court required further briefing by the parties to address the applicability of *Wall v. Kohli*, 131 S. Ct. 1278 (2011) to the facts at bar. *Id*. at p. 7. In *Kohli*, the Supreme Court considered whether a motion to reduce sentence filed pursuant to Rhode Island law operated to toll the one-year limitation period for filing a federal habeas petition within the meaning of 28 U.S.C. §2244(d)(2). The Court held that "the phrase 'collateral review' in §2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review." *Kohli*, 131 S. Ct.

---

331, the court was without jurisdiction to grant a new trial based on a motion filed after 90 days of sentence and it could not entertain an oral motion, no matter when the motion was made. Appellant's motion for a new trial was, therefore, ineffective.

ECF 5 at Ex. 2, p. 9.

[3] The 1988 motion for modification had been in effect "converted" to a motion for a new trial when the presiding judge permitted petitioner to withdraw his original guilty plea and enter a new plea of guilty, followed by imposition of a sentence that effected petitioner's release from prison. ECF 5 at Ex. 2.

at 1281.  Under Rhode Island law, the post-judgment motion required judicial re-examination of the judgment and appellate review was available.

In applying the rules announced in *Kohli* to Maryland law, this court has held that a motion for reconsideration filed pursuant to Maryland Rule 4-345 does not meet the criteria for tolling as outlined in *Kohli*.  *See Tasker v. State*, Civil Action No. AW-11-1869 (D. Md. Jan. 31, 2013), *aff'd*, 517 Fed. Appx. 172 (4th Cir. 2013).  This court found the Maryland scheme for filing such motions distinguishable from Rhode Island law.  Specifically, Maryland motions for modification do not serve to indefinitely toll the limitations period set forth under 28 U.S.C. §2244(d) because they involve a request for leniency, are not subject to appellate review, and do not raise cognizable federal claims requiring exhaustion.  *See Tasker v. State*, Civil Action No. AW-11-1869 (D. Md. Jan. 31, 2013), *aff'd* 517 Fed Appx 172 (4th Cir. 2013), *see also Roberts v. State of Maryland*, Civil Action No. JKB-11-1227 (D. Md. Oct. 29, 2013).[4]

Respondents maintain that the June 6, 2007 opinion issued by the Maryland Court of Special Appeals simply directed the Circuit Court to conduct the initial consideration of the pending motion for reconsideration or modification of sentence filed after petitioner's March 4, 1988 judgment.  ECF 18 at p. 3.  The language relied upon by respondents to reach that conclusion includes the observation by the appellate court that it was "persuaded that the appropriate procedure is to reinstate appellant's motion to modify sentence . . .  nunc pro tunc" and "[t]hat motion can then be considered on remand."  *Id*.  Additionally, respondents state that defense counsel confirmed that view at the hearing when observing that "[w]ell, it is now, basically, back to where it was March 3, [19]88."  *Id*.  At the hearing, neither an the issue regarding the validity of the original guilty plea, nor a plea for leniency was raised.  *Id*.  Under

---

[4] *See also* ECF 18-3.

the holding in *Tasker* and its progeny, petitioner's motion for modification reinstated via appeal

did not resuscitate the filing deadline for federal habeas relief.

Moreover, even if the instant petition was timely, the claim raised is procedurally

defaulted.  A procedural default may occur where, as here, a state court declines "to consider the

merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v.*

*Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

> As the Fourth Circuit has explained:
>
> If a state court clearly and expressly bases its dismissal of a  habeas petitioner's
> claim on a state procedural rule, and that procedural rule provides an independent
> and adequate ground for the dismissal, the habeas petitioner has procedurally
> defaulted his federal habeas claim.  *See Coleman v. Thompson*, 501 U.S. 722,
> 731-32 (1991).  A procedural default also occurs when a habeas petitioner fails to
> exhaust available state remedies and "the court to which the petitioner would be
> required to present his claims in order to meet the exhaustion requirement would
> now find the claims procedurally barred." *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state

prisoner's habeas claim unless the petitioner can show (1) both cause for the default and

prejudice that would result from failing to consider the claim on the merits, or (2) that failure to

consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of

one who is actually innocent.[5]   *See Murray v. Carrier*,  477 U.S. 478, 495-96 (1986); *Breard*,

134 F.3d at 620.   "Cause" consists of "some objective factor external to the defense [that]

impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*.  (quoting

---

[5] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional
claim upon which they request habeas relief.  *See Murray v. Carrier*, 477 U.S. at 496.   "[When] a constitutional
violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant
the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d
788, 806 (4th Cir. 2003).  Petitioners who wish to use a claim of actual innocence as a gateway to raising an
otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable
juror could not have convicted the petitioner in light of the new evidence.  *See Buckner v. Polk*, 453 F.3d 195, 199-
200 (4th Cir. 2006).

*Murray*, 477 U.S. at 488).    Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice.   *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

The issues asserted by petitioner in his state post-conviction petition were that he was denied his Sixth Amendment right to counsel by virtue of counsel's conflict of interest in representing petitioner and his co-defendant; and his guilty plea was involuntary.   Both of those issues could have been raised by petitioner in an application for leave to appeal his guilty plea. *See* Md. Crim. Proc., Code Ann. §7-106(b)(1)(i)(4); *see also McElroy v. State*, 329 Md. 136,146 (1993).   In denying petitioner's application for post-conviction relief, the state court reasoned:

> [A]rguments submitted to this court on behalf of Petitioner do not rebut the State's claim that he knowingly and intelligently waived his right to challenge the guilty plea.  In oral arguments presented to this court on August 26, 2009, when asked whether Leave to Appeal was filed within 30 days, the Petitioner stated that the 'the petition was filed.'   However, the record reflects that no Application for Leave to Appeal was ever filed within the time limit. Petitioner offers no evidence that an Application for Leave to Appeal was ever filed or requested by the Petitioner.   Additionally, Petitioner stated that he did not remember if he was advised of his rights to appeal the plea he took at trial.

> In his brief filed September 9, 2008, Petitioner also failed to deny that he knowingly and intelligently waived his right to appeal his guilty plea.  Instead, Petitioner only supplied the court with a written memorandum, stating that allegations of ineffective assistance of counsel should be heard in post-conviction proceedings when the issue was not presented to the trial court. This court does not disagree that a post-conviction proceeding is the proper forum for ineffective assistance of counsel claims.  However, the Petitioner must follow proper procedures to be considered for post-conviction relief.

ECF 5 at Ex. 5, p. 6.   The post-conviction court then concluded that petitioner had failed to challenge the voluntariness of his guilty plea through application for leave to appeal and "failed to show any special circumstances to circumvent the failure to appeal within the 30-day time

frame." *Id*. at p. 7.   Petitioner's application for leave to appeal the post-conviction court's decision was denied without opinion.  ECF 5 at Ex. 6.

There is no suggestion on the record before this court that new evidence exists indicating petitioner has a viable claim of actual innocence, nor any other basis for excusing the procedural default which occurred.  Thus, even if the petition were not time-barred, this court could not reach the merits of the claims asserted.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  Petitioner is unable to demonstrate either basis for issuance of a certificate of appealability regarding his time-barred petition. Accordingly, a certificate of appealability shall not issue and the petition for writ of habeas corpus shall be denied.

__November 24, 2014                _____/s/_____

Date                                       J. Frederick Motz

United States District Judge